**PETER JAMES ATHERTON**,

          Plaintiff,

          v.

        Case No. 14-cv-02160 (CRC)

**UNITED STATES OF AMERICA**,

          Defendant.

## ORDER

Plaintiff Peter James Atherton sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), claiming that he suffered personal injury when a U.S. Park Police helicopter flew over his dwelling as he slept early one morning. The Court granted the government's motion to dismiss for lack of subject-matter jurisdiction in its Memorandum Opinion of March 30, 2016, finding that the helicopter pilot's chosen method of flight satisfied the FTCA's "discretionary function" exception to the United States' statutory waiver of sovereign immunity. Atherton has since moved the Court to alter or amend its judgment under Rule 59(e) of the Federal Rules of Civil Procedure. He has separately moved the Court to vacate its prior judgment—which the Court construes as a separate motion to alter or amend—arguing that the Court lacked subject-matter jurisdiction to entertain his Complaint for yet another reason. For the reasons stated below, the Court will deny both motions.

## I.    First Motion to Alter or Amend

Atherton has moved to Court to alter or amend its prior judgment "to correct a clear error in law/fact" and "to prevent manifest injustice." Pl.'s First Mot. Alter or Amend, ECF No. 19, at 2. As Atherton later explains, however, his motion is predicated on "disagree[ment] with the Court's finding." Id. at 5. The Court held that even if the Park Police helicopter pilot hovered

briefly over Atherton's dwelling, he "was engaged in the 'exercise of policy judgment' when he piloted the helicopter over residential areas in the course of returning to its landing zone." Mem. Op. of March 30, 2016, at 8 (quoting Shuler v. United States, 531 F.3d 930, 933 (D.C. Cir. 2008)). Atherton does not contest the existence of a Park Police policy permitting the use of helicopters as adjuncts to traditional ground-based policing. But he finds it "difficult to believe" that a pilot would have paused momentarily in the course of returning home, First Mot. Alter or Amend 4, whether to regain his bearings or otherwise. Of course, "[m]ere disagreement does not support a Rule 59(e) motion." Smith v. Lynch, 115 F. Supp. 3d 5, 12 (D.D.C. 2015) (internal quotation marks omitted). Nor will the Court "authorize some kind of discovery" in this case, First Mot. Alter or Amend 5, because it has at all times "assume[d] the truth of Atherton's version of events," Mem. Op. of March 30, 2016, at 8. The Court also declines to allow Atherton to amend his Complaint to include a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), because he is statutorily barred from doing so.[1] For this reason, the Court will not "appoint[] . . . an attorney to aid in the preparation of th[is] pleading." First Mot. Alter Amend 6.

## II.  Second Motion to Alter or Amend

Atherton filed his initial claim with the Department of the Interior on November 14, 2013. See Pl.'s Compl. Ex. 1, ECF No. 1. The agency denied his claim in writing on December 3, 2013. Accompanying the agency's statement of reasons was an acknowledgement that he could either "file suit in an appropriate United States District Court not later than six months after the date of the mailing of this notification" or "submit a written request for reconsideration

---

[1] See 28 U.S.C. § 2676 ("The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.").

based on *new* evidence." Id. Ex. 3, at 2.  On June 2, 2014, Atherton filed a written request for reconsideration with the agency.  See id. Ex. 2.  He filed his Complaint in this Court on December 2, 2014[2] after having received no response to his reconsideration request.  He now moves the Court to vacate its dismissal of his complaint, arguing that subject-matter jurisdiction was lacking because he commenced this action before exhausting his administrative remedies.  Pl.'s Second Mot. Alter Amend, ECF No. 25, at 2.

Atherton specifically contends that he "prematurely filed his court complaint on December 2, 2014 when he should have waited until December 3, 2014."  Id. at 2.  He cites 28 U.S.C. § 2675 ("Disposition by Federal Agency as Prerequisite"), an administrative-exhaustion provision that precludes the filing of FTCA claims in federal court "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."  Id. § 2675(a).  Under that provision, moreover, a claimant may deem "[t]he failure of an agency to make final disposition of a claim within six months after it is filed . . . a final denial of the claim for purposes of this section."  Id.  Atherton implicitly contends that the Department of the Interior had not "finally denied" his claim, because he requested that the agency reconsider its initial denial.  And since "compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court," Mader v. United States, 654 F.3d 794, 805 (8th Cir. 2011), subject-matter jurisdiction would not exist in an FTCA suit filed prematurely.

The Court will deny Atherton's motion for two independent reasons.  First, the Court has *already* held that it was powerless to adjudicate Atherton's Complaint.  It granted the

_____

[2]  Although the electronic docket reflects that Atherton's Complaint was filed on December 22, 2014, the Court accepts Atherton's representation that he deposited all necessary documents with the Court on the evening of December 2, 2014.  See Pl.'s Opp'n Def.'s Mot. Summ. J., ECF No. 11, at 3.

government's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction because Atherton had "failed to show that the United States' statutory waiver of sovereign immunity extends to the allegations of his Complaint."  Mem. Op. of March 30, 2016, at 9.  Thus, the Court has already done precisely what Atherton moves it to do—"dismiss this case" for "lack[] [of] subject matter jurisdiction."  Second Mot. Alter or Amend 2.  Atherton has not explained why the Court was obligated to address one possible jurisdictional defect before considering another, or why the Court must therefore amend its judgment to reflect this purportedly mandatory sequence.

And second, the Court interprets the agency's December 3, 2013 denial of Atherton's claim—"your claim is denied," Compl. Ex. 3, at 2—as a "final denial" within the meaning of § 2675.  The agency evidently understood it as such, indicating that Atherton could "file suit in an appropriate United States District Court" within six months.  Id.; see also 28 C.F.R. § 14.9 (providing that an agency's "*final denial . . .* shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court" within six months) (emphasis added).  Neither party disputes that for the next 181 days, Atherton was fully entitled to sue in this Court.  Atherton's last-minute decision to request reconsideration of the denial did not preclude him from commencing an FTCA action in the interim.  The regulation authorizing requests for reconsideration, after all, specifies that claimants may petition an agency "for reconsideration of a *final denial* of a claim."  28 C.F.R. § 14.9 (emphasis added). At least two other courts have held that an agency's unequivocal written rejection of a claim necessarily functions as a final denial of that claim.  See State Farm Mut. Auto. Ins. Co. v. United States, 327 F. Supp. 2d 407, 417 (E.D.N.Y. 2004) (holding that an initial "denial [from] the agency in writing is, in fact, final for the purpose of exhaustion under § 2675, irrespective of

the possibility for reconsideration by the agency"); <u>Bond v. United States</u>, 934 F. Supp. 351, 355 (C.D. Cal. 1996) (rejecting, at great length, the argument that "once a claimant seeks reconsideration a court does not have jurisdiction over the claim, even though jurisdiction existed . . . between the first final denial and a plaintiff's election to request reconsideration"). This Court knows of no contrary holdings and has been given no reason to diverge from the cited decisions.

For the foregoing reasons, it is hereby

**ORDERED** that [19] Plaintiff's First Motion to Alter or Amend Judgment be **DENIED**. It is further

**ORDERED** that [25] Plaintiff's Second Motion to Alter or Amend Judgment be **DENIED**. The Court will accept no further filings in this case. If Plaintiff wishes to appeal the Court's March 30, 2016 Memorandum Opinion, he must file his notice of appeal within sixty days of this Order. <u>See</u> Fed. R. App. P. 4(a)(4)(A)(iv).

**SO ORDERED**

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:     June 30, 2016